**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| TROY BINGAMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No.:  3:07-CV-18 JVB |
| | ) |
| WILLIAM WILSON, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Troy Bingaman, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with demotion in credit time earning classification in a prison disciplinary hearing. On February 13, 2006, Correctional Officer S. Williams found a green leafy substance and green seeds in Bingaman's locked property box.  A field test established that the substance found in Bingaman's property box was marijuana. Officer Williams charged Bingaman with possession or use of an unauthorized substance.  On February 16, 2006, a disciplinary hearing board ("DHB") found Bingaman guilty, took sixty days of earned credit time away from him, and demoted him in credit time earning classification. He appealed unsuccessfully to the superintendent and the final reviewing authority.

Bingaman asserts in his petition that he "was innocent and was denied his [S]ixth and [F]ourteenth [A]mendment rights for due process." (Petition at 3). The Sixth Amendment has no application to prison disciplinary hearings, which are administrative proceedings.

Where prisoners lose good time credits or are demoted in credit time earning classification at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections which include (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and

present exculpatory evidence in defense when consistent with institutional safety and correctional

goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the

disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). "[T]he requirements of due process

are satisfied if some evidence supports the decision by the prison disciplinary board."

*Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

Bingaman's Fourteenth Amendment claim asserts that there was insufficient evidence to

support a finding of guilt. He asserts that "another offender Daniel Badley #148720 admitted that

the substance found in my property box was his and that he put it there.  He also signed a statement

acknowledging these facts."  (Petition at 3.)

The amount of evidence needed to support a finding of guilt in prison disciplinary hearings

is very modest; there need only be "some evidence" to support the decision of the prison disciplinary

board. *Hill*, 472 U.S. at 455.  This standard "does not require evidence that logically precludes any

conclusion but the one reached by the disciplinary board."  *Id.* at 457. A reviewing court must

uphold a finding of guilt if "there is any evidence in the record that could support the conclusion

reached" by the board.  *Id*. at 455-56.  The Constitutional standard of "some evidence" is met if

> there was some evidence from which the conclusion of the administrative tribunal
> could be deduced . . . . Ascertaining whether this standard is satisfied does not
> require examination of the entire record, independent assessment of the credibility
> of witnesses, or weighing of the evidence.  Instead, the relevant question is whether
> there is any evidence in the record that could the support the conclusion reached by
> the disciplinary board.

*Id.*

That Officer Williams found marijuana in Bingaman's locked property box provides some

evidence to support the finding of guilt. The DHB might have credited Bradley's statement, and

found Bingaman not guilty. But instead, the DHB chose not to believe Bradley's statement and

determined that his statement was not credible.  Federal Courts do not second guess determinations

of credibility by conducting an independent assessment of witness credibility or reweighing the

evidence.  *Hill,* 472 U.S. at 455-56.

For the foregoing reasons, the Court **DENIES** this petition.

SO ORDERED on December 14, 2007.

s/ Joseph S. Van Bokkelen

JOSEPH S. VANBOKKELEN

UNITED STATES DISTRICT COURT

HAMMOND DIVISION